**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0126-16T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

JOSEPHINE M. SHIPPS, a/k/a JOSEPHINE
COLAVITO, JOSEPHINE MARIE COLAVITO,
JOSEPHINE MARIE COLAVITON and JOSEPHINE
RINGO,

    Defendant-Respondent.

_____

Submitted May 2, 2017 — Decided May 15, 2017

Before Judges Koblitz and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Warren County, Accusation Nos.
15-04-0238, 15-04-0239, 16-01-0045, and
Indictment No. 15-12-0584.

Richard T. Burke, Warren County Prosecutor,
attorney for appellant (Kelley Anne Shelton,
Assistant Prosecutor, of counsel and on the
brief).

Joseph E. Krakora, Public Defender, attorney
for respondent (Jay L. Wilensky, Assistant
Deputy Public Defender, of counsel and on the
brief).

PER CURIAM

The State appeals from the August 22, 2016 order awarding defendant Josephine Shipps ninety-one days of jail credit for time served in Pennsylvania custody. We reverse based on our Supreme Court's recent decision in State v. Joe, ___ N.J. ___ (2017).

For the purpose of our decision, we need not recount the extensive procedural background of defendant's third and fourth-degree charges for issuance of bad checks, N.J.S.A. 2C:21-5. Suffice it to say that on April 27, 2015, she pled guilty to charges in Warren County. Prior to sentencing, she was arrested for theft by deceit charges arising in Pennsylvania. After she waived extradition, she was taken into custody by our neighboring state on July 9.

Following resolution of her Pennsylvania offense, defendant was returned to New Jersey on October 21. On October 30 and then on November 23, 2015, she was arrested in Warren County on new charges of issuing bad checks.

On January 28, 2016, defendant entered a plea agreement to resolve all her Warren County charges, including those she had pled guilty to in April 2015. The State recommend a suspended four-year prison term, conditioned upon successfully completion of three years of probation with conditions. Defendant received the recommended sentence. There was no agreement as to jail credits for time served in Pennsylvania.

A-0126-16T1

Defendant sought these jail credits, and the judge issued a written decision on August 22, awarding defendant ninety-one days jail credit for time spent in Pennsylvania custody toward the sentences to be served on all charges pending prior to her Pennsylvania incarceration.

On March 7, 2017, our Supreme Court held that "incarceration outside of New Jersey on out-of-state charges [does not entitle] a defendant to jail credit pursuant to Rule 3:21-8." State v. Joe, supra, slip op. at 1.

We therefore now reverse and remand for the entry of an amended judgement of conviction reducing the jail credit awarded to defendant by ninety-one days.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0126-16T1